UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE PERSYN, § | | |
| ADAPT OF SAN ANTONIO, INC. § | | |
| § | | |
| Plaintiffs, § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| DANIEL TORRES, § | | SA-11-CV-0141 FB (NN) |
| TORRES PHOTOGRAPHY, § | | |
| § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION

TO: **Honorable Fred Biery**
**Chief United States District Judge**

This report and recommendation addresses plaintiff George Persyn's motion to proceed in forma pauperis (IFP). In considering Persyn's motion, I screened this case under 28 U.S.C. § 1915(e) and determined the case should be dismissed. I have jurisdiction to enter this report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of the Local Rules for the Assignment of Duties to United States Magistrate Judges in the Western District of Texas.

**The court's duty to screen IFP complaints**. Under 28 U.S.C. § 1915, the court may screen a litigant's IFP complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious, or fails to state a claim on which relief may be

granted.¹ This provision permits the court to dismiss those claims whose factual contentions are clearly baseless.² Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.³ Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"⁴ Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

**Persyn's claims**. Persyn filed this case against local photographer Daniel Torres and Torres Photography. Torres operates a photography studio at 1036 South Alamo, San Antonio, TX 78210. The proposed complaint names Persyn and ADAPT of San Antonio, Inc. as plaintiffs. According to its website, ADAPT of San Antonio, Inc. is a non-profit whose "mission is to ensure dignity, equality, and opportunity for people with all types of disabilities throughout San Antonio."⁵ Persyn represents himself as the director of ADAPT of San Antonio, Inc.

---

¹28 U.S.C. § 1915(e)(2)(B).

²*See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

³*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

⁴*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

⁵*See* www.adaptofsa.org.

As a claim for relief, the proposed initial complaint cited section 12101 of the Americans with Disabilities Act (ADA) and complained that Torres has failed to remove the architectural barrier "where such removal is readily achievable."

**Procedural background**. Because Persyn filed a similar case with similar allegations[6] on the same day he filed this case, and because Judge Primomo issued a show cause order in that case detailing Persyn's litigation history and the pleading deficiencies that resulted in the dismissal of three of Persyn's previously-filed ADA cases, I reviewed the complaint in this case to determine whether the same deficiencies were present. I concluded that Persyn omitted critical information for an ADA case and directed Persyn to show cause in writing why his request to proceed IFP should not be denied on the ground that his proposed complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. I also instructed twice ADAPT of San Antonio, Inc. that it may appear only through counsel.[7] No attorney has appeared on behalf of ADAPT of San Antonio, Inc.

**The show cause order**. I instructed Persyn that he could respond to the show cause order by presenting an amended proposed complaint, specifically identifying his bona fide efforts to identify Torres and Torres Photography as the true owners of

---

[6]*George Persyn and Adapt of San Antonio v. Agosto Cuellar and Jive Refried*, Cause No. SA-11-CA-142-XR.

[7]Docket entry #s 2 & 4.

premises, his efforts to verify that Torres and Torres Photography are responsible for the alleged barriers to access, and how removal of the complained-about barriers are readily achievable such that it is easily accomplished and able to be carried out without difficulty or expense. I warned Persyn that failing to respond to the order would result in denying his application to proceed IFP. Persyn responded by presenting a proposed amended complaint.

**Analysis of Persyn's claim**. According to publicly-available online information, the retail store located at 1036 South Alamo, San Antonio, TX 78210, was built in 1925. Under the ADA, facilities that are designed and constructed "for first occupancy later than 30 months after July 26, 1990" must be "readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements" of the ADA.[8] Places of public accommodation must "remove architectural barriers … that are structural in nature, in existing facilities … where such removal is readily achievable …."[9] "The term 'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense."[10] The following factors are relevant in determining whether removing an architectural barrier is readily achievable:

---

[8] 42 U.S.C. § 12183(a)(1).

[9] 42 U.S.C. § 12182 (b)(2)(iv).

[10] 42 U.S.C. § 12181(9).

4

(A) the nature and cost of the action needed….;

(B) the overall financial resources of the facility…; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.[11]

Courts place the initial burden to show removal is readily achievable on the plaintiff.[12] Where an operator of a facility can show that removal of a barrier is not readily achievable, the operator may use alternative methods to make its facility accessible to individuals with disabilities.[13]

---

[11] 42 U.S.C. § 12181(9).

[12] *See Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 373 (2d Cir. 2008) ("[W]e require a plaintiff to articulate a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed its benefits.'") (citation omitted); *Gathright-Dietrich v. Atlanta Landmarks*, 452 F.3d 1269, 1273 (11th Cir. 2006) ("[T]he plaintiff has the initial burden of production to show (1) that an architectural barrier exists; and (2) that the proposed method of architectural barrier removal is 'readily achievable,' … under the particular circumstances of the case."); *Kennedy v. Wichita County Heritage Society*, No. 7-06-CV-124-AH, 2008 WL 2511755, at * 3 (N.D. Tex. June 23, 2008) ("In the context of an architectural barrier claim, a plaintiff has the initial burden of introducing evidence showing that removal of the barrier is 'readily achievable.'"); *MacClymonds v. IMI Investments*, No. H-05-2595, 2007 WL 1306803, at * 5 (S.D. Tex. Apr. 5, 2007) ("Although the Fifth Circuit has not weighed in on the issue, every court to do so (to date) has put the initial burden on the plaintiff to introduce evidence tending to show that the proposed method of removal of an existing architectural barrier is readily achievable.").

[13] 42 U.S.C. § 12182(b)(2)(A)(v).

Despite the opportunity to plead how removal is readily achievable, Persyn did not make that showing. The amended proposed complaint states that "Daniel Torres and Torres Photography has not eliminated the barrier which prevents me or other mobility impaired individual from entering this commercial establishment." Persyn did not identify the barrier preventing him from entering Torres Photography. Instead, Persyn attached photos depicting a store front. The photos show what appears to be a 4-5 inch high concrete step, bridging the ground to the front porch of the building. Persyn stated in the proposed amended complaint that Torres "could easily make its business accessible by adding a portable Ramp Marked as Exhibit 'C' but has chosen not to comply with The Americans with Disabilities Act." Exhibit C is a flyer for a multifold ramp manufactured by Praire View Industries, Inc. The brochure states the following assertion: "Accommodates wheelchairs and scooters with various wheel configurations." There are two other attachments to the complaint: demand letters from Adapt of San Antonio, addressed to Daniel Torres and signed by Persyn.

Assuming the concrete step is the architectural barrier Persyn complains about, and assuming the multifold ramp is Persyn's explanation about how removal of the barrier is readily achievable, Persyn's proposed complaint falls short because it does not state how a portable ramp would achieve ADA compliance without much difficulty or expense. Determining that the proposed amended complaint states a claim upon which

relief requires several assumptions: (1) the concrete step depicted in the photos constitutes the complained-about architectural barrier, (2) the complained-about facility has no accessible entrance, (3) Torres Photography does not employ an alternative method to make its facility accessible to individuals with disabilities, (4) ADA compliance can be achieved using a portable multifold ramp, (5) obtaining a portable ramp is easily accomplishable, and (6) obtaining a portable ramp may be achieved without much difficulty or expense. In addition, the proposed amended complaint lacks factual allegations about when the complained-about facility was designed or constructed, so as to implicate the relied-upon statutory provision. As such, the allegations in the proposed amended complaint lack an arguable basis either in law or in fact.

**Recommendation**. Where the plaintiff has been given an opportunity to amend his complaint, the court may assume the plaintiff has pleaded his best case.[14] Despite being placed on notice about the deficiencies in the proposed initial complaint, Persyn did little more to overcome the deficiencies than attach a commercial flyer to the proposed amended complaint. As to Persyn, the proposed amended complaint falls short of stating a claim for relief. I recommend denying Persyn's motion to proceed IFP

---

[14]*Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985). *See Dark v. Potter*, 293 Fed. App'x 254, 257 (5th Cir. 2008) (applying the rule to a pro se plaintiff's complaint and stating, "this court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint").

(docket entry #s 1 & 3) and dismissing his claim, without prejudice, as frivolous. As to Adapt of San Antonio, Inc., I recommend dismissing this case because a corporate entity may only appear through counsel and no attorney has appeared on its behalf.

I recommend warning Persyn under Rule 11[15] about the consequences of continuing to file ADA claims without first making a reasonable effort to determine how removal of the complained-about barrier is readily achievable such that it is easily accomplished and able to be carried out without difficulty or expense. Here, Persyn's reasonable effort consisted of adding a few words to the proposed amended complaint and submitting a commercial flyer of a portable multifold ramp. In addition, Persyn failed to address whether Torres Photography is accessible by alternative means. Judge Primomo's show cause order in Cause No. SA-11-CV-142, the defendant's motion to dismiss in Cause No SA-10-CV-594, and Judge Mathy's memorandum decision in Cause No. 10-CV-593 placed Persyn on notice about the pleading requirements for future cases. Persyn should be required to heed that notice before filing another ADA claim.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by

---

[15]Fed. R. Civ. P. 11.

certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[16] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[17] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[18]

Because this report recommends dismissal without prejudice, and because Persyn may later decide to re-file his claim, I direct the clerk to send a copy of this

---

[16] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[17] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[18] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

report to Daniel Torres and Torres Photography, 1036 South Alamo, San Antonio, TX 78210.

**SIGNED** on April 22, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE